Jan 20 16 10:26a    Terrell County Clerk.    Case 4:16-cv-00013-DAE   Document 1-1   Filed 02/24/16   Page 1 of 13
3452748 p.2
E-Filed for Record
1/29/2016 9:48:27 AM
Terrell Co/District Court Clerk
Terrell County, TX
By: Raeline Thompson

# CIVIL CASE INFORMATION SHEET
## 3140

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED: **RUBEN ESTRADA V. INDUSTRIAL TRANSIT INC. AND ROBERT BARBER**

*(e.g., John Smith v. All American Insurance Co, In re Mary Ann Jones, In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: Cordt Akers
Email: cordt@cogdell-law.com
Address: 402 Main St, 4th Fl
City/State/Zip: Houston, TX 77002
Telephone: 713-426-2244
Fax: 713-426-2255
State Bar No: 24080122

### Names of parties in case:
Plaintiff(s)/Petitioner(s): Ruben Estrada
Defendant(s)/Respondent(s): Industrial Transit, Inc.; Robert Barber

### Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil — Injury or Damage**
☒ Motor Vehicle Accident

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
(none selected)

### 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

Print this page

# Case # 3140 - RUBEN ESTRADA V. INDUSTRIAL TRANSIT INC. AND ROBERT BARBER (63RD JUDICIAL DISTRICT COURT)

### Case Information

| | |
|---|---|
| Location | Terrell County - District Clerk |
| Date Filed | 01/29/2016 10:05:07 AM |
| Case Number | 3140 |
| Case Description | RUBEN ESTRADA V. INDUSTRIAL TRANSIT INC. AND ROBERT BARBER |
| Assigned to Judge | 63RD JUDICIAL DISTRICT COURT |
| Attorney | Cordt Akers |
| Firm Name | Cogdell Law Firm PLLC |
| Filed By | Dan Cogdell |
| Filer Type | Not Applicable |

### Fees

| | |
|---|---|
| Convenience Fee | $13.16 |
| Total Court Case Fees | $282.00 |
| Total Court Filing Fees | $170.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $468.41 |

### Payment

| | |
|---|---|
| Account Name | C. Akers |
| Transaction Amount | $468.41 |
| Transaction Response | Approved |
| Transaction ID | 14401203 |
| Order # | 008856067-0 |

### Petition

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition |
| Filing Description | Plaintiff's Original Petition |
| Reference Number | Estrada |
| Comments | |

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

|  |  |
|---|---|
|  | Resubmitting the rejected filing with Original Envelope Number: 8855408, Submitted on:Friday, January 29, 2016 9:48:28 AM, Rejected Reason:7.00 EACH |
| Status | Accepted |
| Accepted Date | 01/29/2016 10:32:16 AM |

**Fees**

| | |
|---|---|
| Court Fee | $170.00 |
| Service Fee | $0.00 |
| | |
| Optional Services | |
| >Service - Certified Mail | $100.00 (2 x $50.00) |
| >Jury Fee | $40.00 |
| >Issue Citation - Certified Mail | $16.00 (2 x $8.00) |
| >Copies - Service | $14.00 (14 x $1.00) |

**Documents**

| | | | |
|---|---|---|---|
| *Attachments* | Original Petition .pdf | [Original] | [Transmitted] |
| *Lead Document* | Estrada Civil Case .pdf | [Original] | [Transmitted] |

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

CAUSE NO. 3140

| | | |
|---|---|---|
| RUBEN ESTRADA | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | TERRELL COUNTY, TEXAS |
| | § | |
| INDUSTRIAL TRANSIT INC. and ROBERT BARBER | § | 63rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, RUBEN ESTRADA, and files this Plaintiff's Original Petition complaining of Defendants Industrial Transit Inc. and Robert Barber, and respectfully shows this Honorable Court the following:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Discovery under Level 2 of the Texas Rules of Civil Procedure and requests that the Court enter a Level 2 Discovery Control Plan.

### II.

### PARTIES AND SERVICE

2. Plaintiff, RUBEN ESTRADA, is an individual who resides in the State of California. The last three digits of his drivers' license are 760. The last three digits of his Social Security number are 622.

3. Defendant Industrial Transit Inc. is a Georgia corporation doing business in the State of Texas, and may be served with process by and through their registered agent John F. Talley at 112 Gordon Commercial Drive, Lagrange, Georgia, 30240.

4. Defendant Robert Barber is an individual residing in the State of Georgia and may be served with process at 119 Teaver Road, Lagrange, Georgia, 30240.

///

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

## III.

## JURISDICTION AND VENUE

5. This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of the Court. Furthermore, all of the causes of action asserted in this case arose in State of Texas, and all the parties to this action conduct business in this State in connection with the causes of action embraced by the claims in this lawsuit.

6. Venue is proper in Terrell County, Texas under the general venue statute of Tex. Civ. Prac. & Rem. Code §15.002(a)(1) (West 2007) because all or a substantial part of the events or omissions giving rise to the claim occurred in Terrell County and no mandatory venue provision applies.

## IV.

## FACTUAL BACKGROUND

7. Plaintiff, RUBEN ESTRADA, brings suit to recover damages for personal injuries he sustained in a motor vehicle collision on or about January 31, 2014, which collision was proximately caused by the negligence of Defendant Robert Barber. At the time of the collision, Plaintiff, RUBEN ESTRADA, was traveling eastbound on the I-90 Freeway in the City of Sanderson, Texas. Defendant Robert Barber was driving westbound in his employer's semi-truck, when he lost control of the truck and crossed the median, striking Plaintiff's vehicle. The negligent conduct of Defendant, Robert Barber, proximately caused the collision and the resulting substantial injuries and damages to Plaintiff, RUBEN ESTRADA.

8. At the time and on the occasion in question, the semi-truck which struck RUBEN ESTRADA was owned by Defendant Industrial Transit Inc. and operated by Defendant Robert Barber. Defendant Industrial Transit Inc. entrusted its vehicle to Robert Barber. Robert Barber was Industrial Transit Inc.'s employee and was operating said truck while acting in the course and scope of his employment.

///

///

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

## V.

## NEGLIGENCE

9. At the time and on the occasion in question, Defendant Robert Barber was negligent, which proximately caused RUBEN ESTRADA's injuries. Defendant Robert Barber failed to use ordinary care by various acts and omissions, including the following, each of which singularly or in combination with others, proximately caused the occurrence in question: crossing over the median into incoming traffic; failing to maintain control of his vehicle; failing to control speed in order to avoid losing control of his vehicle; failing to keep a proper look out; driving while fatigued; failing to remain attentive to driving and traffic conditions; and such other and further acts and/or omissions of negligence as may be shown by the evidence at the trial in this cause.

10. Defendant Robert Barber failed to properly exercise the duties of care he owed under the law, which should have been exercised by him as a reasonable and prudent person under the same or similar circumstances as existed in connection herewith.

## VI.

## NEGLIGENCE PER SE

11. By crossing over the median into the wrong side of the road, Defendant Robert Barber was negligent per se in violation of Texas Transportation Code Chapter 545, and such negligence per se was a proximate cause of the occurrence in question. Defendant Robert Barber was charged at the scene with failing to drive in single lane.

## VII.

## RES IPSA LOQUITOR

12. The nature of this incident is such that it does not ordinarily occur without the negligence of another, such that the doctrine of Res Ipsa Loquitor applies in this case. It was the duty of the driver, Defendant Robert Barber, to remain in his lane of traffic and not cross over the median onto the path of opposite traffic, and in so doing he created a dangerous condition.

13. Defendant Ruben Estrada at all relevant times maintained control of and

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

responsibility for his vehicle. His vehicle drove onto the wrong side of the road, where it caused a dangerous condition to Plaintiff, causing their vehicles to collide and causing serious and permanent damage to his person.

14. As such, this incident would not occur but for and without the negligence of Defendant Robert Barber in his failure to remain in his lane of traffic. This negligence occurred while Defendant Robert Barber was acting in the course and scope of his employment with Defendant Industrial Transit Inc.

## VIII.

## DEFENDANT INDUSTRIAL TRANSIT INC.'S LIABILITY

15. Defendant Industrial Transit Inc. is legally responsible to RUBEN ESTRADA for the negligent conduct of Defendant Robert Barber under the legal doctrine of respondeat superior because Defendant Robert Barber was at all times material hereto acting in the course and scope of his employment with Defendant Industrial Transit Inc. Defendant Robert Barber committed the negligent acts referenced in Section V above within the course and scope of his general authority, in furtherance of his employer's business, and in order to accomplish an object for which he was hired. As a result thereof, Industrial Transit Inc. is vicariously liable for all negligent acts and negligent acts per se committed by Robert Barber in the course and scope of his employment, and for the injuries and damages suffered by RUBEN ESTRADA.

16. Further, Defendant Industrial Transit Inc. is legally responsible to RUBEN ESTRADA for its own negligent conduct in failing to supervise and train Robert Barber, and for failing to have processes and procedures which would prevent its employees, such as Robert Barber, from driving while fatigued and violating the Transportation Code. Such negligence was also a proximate cause of the incident resulting in the injuries to Plaintiff.

## IX.

## GROSS NEGLIGENCE

17. Defendants Robert Barber and Industrial Transit Inc. were grossly negligent in that the conduct in question involved an extreme degree of risk, of which Defendants had awareness of

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

the risk involved but proceeded with conscious indifference and such conduct was a proximate cause of RUBEN ESTRADA's injuries. Defendant Robert Barber drove, and Defendant Industrial Transit Inc. allowed him to drive, while fatigued, despite knowledge of the high degree of risk that doing so poses other motorists, such as Plaintiff. Defendants' grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiff therefore seeks punitive and exemplary damages in addition to actual damages.

## X.

## DAMAGES

18. As a result of the collision described above, RUBEN ESTRADA suffered severe bodily injuries and damages. RUBEN ESTRADA has incurred medical charges and expenses in the past and will, in reasonable probability, continue to do so in the future. Because of the nature and severity of the injuries RUBEN ESTRADA sustained, he has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future. In addition, RUBEN ESTRADA has sustained physical impairment and disfigurement and will, in reasonable probability, continue to do so in the future. RUBEN ESTRADA has also suffered a loss of earning capacity in the past and will, in reasonable probability, continue to do so in the future.

19. RUBEN ESTRADA's injuries are of the type that progress over time. He continues to suffer pain and requires further treatment and pain management. Therefore, an exact amount of damages is best suited for determination by a jury that can evaluate not only the nature of RUBEN ESTRADA's injuries but also their magnitude and duration at the time of trial. The law requires, however, that Plaintiff's lawsuit state compliance with Rule 47(c). Therefore, pursuant to Texas Rule of Civil Procedure 47(c), monetary relief over $200,000 but no more than $1,000,000 is sought.

## XI.

## REQUEST FOR DISCLOSURE

20. Pursuant to Rule 194, Defendants are requested to disclose, within 50 days of the

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

date of service of this request, the information or material described in Rule 194.2(a) through (l).

## XII.

## REQUEST FOR JURY TRIAL

21. Plaintiff requests a jury trial and tenders the appropriate fee with this petition.

## XIII.

## PRAYER

22. WHEREFORE, Plaintiff RUBEN ESTRADA prays that Defendants ROBERT BARBER and INDUSTRIAL TRANSIT INC. be cited to appear and answer herein; and that upon final trial of this cause, Plaintiff recover:

1. Judgment against Defendants for Plaintiff's damages as set forth above, in an amount within the jurisdictional limits of this Court;
2. Interest on the judgment at the legal rate from the date of judgment;
3. Pre-judgment interest on Plaintiff's damages as allowed by law;
4. Costs of Court; and
5. Such other and further relief to which Plaintiff may be entitled.

Dated: January 27, 2016

Respectfully submitted:

COGDELL LAW FIRM, PLLC

By: _____
Cordt C. Akers
SBN 24080122
402 Main St., 4th Fl.
Houston, TX 77019
T: (713) 426-2244
F: (713) 426-2255
cordt@cogdell-law.com

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

THE DOMINGUEZ FIRM

By: _____
Olivier Taillieu
State of California Bar Number 206546
3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
T: (310) 651-2440
F: (310) 651-2439
olivier@nationalinjurylf.com
*pro hac vice pending*

ATTORNEYS FOR PLAINTIFF RUBEN ESTRADA

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN TERRELL COUNTY CLERK'S OFFICE.

7
PLAINTIFF'S ORIGINAL PETITION

**CITATION BY CERTIFIED MAIL** - TRC 106

THE STATE OF TEXAS:
Ruben Estrada
Plaintiff

VS
Industrial Transit Inc. And Robert Barber
Defendant

Cause No. __3140__

| IN THE __63rd__ DISTRICT COURT

| OF

| __Terrell__ COUNTY, TEXAS

TO: __Robert Barber, 119 Teaver Road, Lagrange, Georgia, 30240__

Defendant- GREETING

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you." TRCP. 99

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable **63rd Judicial District** Court of **Terrell** County, at the Courthouse in said County in Sanderson, Texas. Said Plaintiff's Petition was filed in said court on the __29th__ day of __January__ 2016 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at **Sanderson**, Texas this __1st__ day of __January 2016__

Attorney for Plaintiff or Plaintiff:
Cordt C. Akers
402 Main St., 4th Fl.
Houston, TX 77019
cordt@cogfdell-law.com

Olivier Taillieu
3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
olivier@nationalinjurylf.com

Clerk of the Court:
Martha Allen
Terrell County, Texas
P.O. Drawer 410
105 E. Hackberry Street
Sanderson, Texas 79848

By _Raeline Thompson_ Deputy

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the __29th__ day of __January__ 2016 at __9:48__ o'clock __A__ M and executed the __1st__ day of __February__ 20__16__ by mailing the same to __Robert Barber__ Defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Fees............$50.00

**Martha Allen** District Clerk
**Terrell** County, Texas
By _Raeline Thompson_ Deputy

A TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN TERRELL COUNTY
CLERK'S OFFICE.

**CITATION BY CERTIFIED MAIL** - TRC 106

| | |
|---|---|
| THE STATE OF TEXAS:<br>Ruben Estrada<br>Plaintiff | Cause No. __3140__<br><br>IN THE __63rd__ DISTRICT COURT |
| VS<br>Industrial Transit Inc. And Robert Barber<br>Defendant | OF<br><br>__Terrell__ COUNTY, TEXAS |

TO: Industrial Transit Inc., c/o John F. Talley, Registered Agent, 112 Gordon Commercial Drive, Lagrange, Georgia, 30240

Defendant- GREETING

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** TRCP. 99

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable **63rd Judicial District** Court of **Terrell** County, at the Courthouse in said County in Sanderson, Texas. Said Plaintiff's Petition was filed in said court on the **29th** day of **January** 20**16** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at **Sanderson**, Texas this __1st__ day of **February 2016**

Attorney for Plaintiff or Plaintiff:
Cordt C. Akers
402 Main St., 4th Fl.
Houston, TX 77019
cordt@cogfdell-law.com

Clerk of the Court:
Martha Allen
Terrell County, Texas
P. O. Drawer 410
105 E. Hackberry Street
Sanderson, Texas 79848

Olivier Taillieu
3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
olivier@nationalinjurylf.com

By _Raeline Thompson_ Deputy

CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the __29th__ day of __January__ 20__16__ at __9:48__ o'clock __A__ M and executed the __1st__ day of __February__ 20 __16__ by mailing the same to __Industrial Transit Inc., c/o John F. Talley__ Defendant by registered or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.

Fees..........$50.00

__Martha Allen__ District Clerk
__Terrell__ County, Texas
By_Raeline Thompson_ Deputy

TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN TERRELL COUNTY
CLERK'S OFFICE.

THE STATE OF TEXAS

COUNTY OF TERRELL

    I, Martha Allen, Clerk of the District Courts of Terrell County, Texas, do hereby certify that the above and foregoing are true and correct copies of the following instruments, and where applicable, the Social Security Number of a living person has been redacted, subject to the provisions of Texas Government Code, Sec. 552.147 Public Information Act.

1. Civil Case Information Sheet
2. Efile
3. Plaintiff's Original Petition
4. Citation by Certified Mail (Robert Barber)
5. Citation by Certified Mail (Industrial Transit Inc., c/o John F. Talley, Registered Agent

    In Cause   No. **3140**  on the Docket of the  **63rd**  Judicial District Court of Terrell County, Texas, Styled:

**Ruben Estrada vs. Industrial Transit Inc. And Robert Barber**

as the same appears of record in this office.

    **GIVEN UNDER MY HAND AND SEAL OF SAID COURT,** at office in Sanderson, County Texas, this ___22ND___ day of _FEBRUARY_  A.D., 20 2016

    MARTHA ALLEN
    Martha Allen
    District Clerk, Terrell County, Texas

By _____ Deputy