UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION


| | | |
|---|---|---|
| RUBEN ESTRADA, | § | No. 4:16-CV-013-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| INDUSTRIAL TRANSIT, INC., and | § | |
| ROBERT BARBER, | § | |
| | § | |
| Defendants. | § | |


ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S
PARTIAL MOTION TO DISMISS AND (2) GRANTING DEFENDANT
BARBER'S MOTION TO DISMISS

        Before the Court are two motions: (1) a Partial Motion to Dismiss for

Failure to State a Claim filed by Industrial Transit, Inc. ("Industrial Transit") (Dkt.

# 3); and (2) a Motion to Dismiss for Insufficient Service of Process filed by

Robert Barber ("Barber") (Dkt. # 16).  Pursuant to Local Rule CV-7(h), the Court

finds this matter suitable for disposition without a hearing.  After careful

consideration of the memoranda filed in support of and in opposition to the

motions[1], the Court, for the reasons that follow, (1) **GRANTS IN PART AND**

**DENIES IN PART** Industrial Transit's Partial Motion to Dismiss for Failure to

---

[1] Plaintiff did not file a response to the Motion to Dismiss for Insufficient Service
of Process.

1

State a Claim (Dkt. # 3) and (2) **GRANTS** Barber's Motion to Dismiss for

Insufficient Service of Process (Dkt. # 16).

BACKGROUND

   This is a personal injury and negligence case.  Plaintiff Ruben Estrada

("Estrada") alleges he sustained personal injuries caused by a motor vehicle

collision on January 31, 2014.  ("Orig. Pet.," Dkt. # 1-1 ¶ 7.)  At the time of the

collision, Estrada alleges he was traveling eastbound on Interstate 90 outside the

City of Sanderson, Texas.  (Id.)  Estrada contends that Defendant Robert Barber

("Barber") was driving westbound in his employer's semi-truck, lost control of the

vehicle, crossed the median, and struck Estrada's vehicle.  (Id.)  Estrada asserts

that at the time of the collision, Defendant Barber was an employee of Industrial

Transit and was operating Industrial Transit's truck while acting in the course and

scope of his employment.  (Id. ¶ 8.)  Further, Estrada alleges that Barber "was

charged at the scene with failing to drive in a single lane."  (Id. ¶ 11.)

   On January 29, 2016, Plaintiff filed suit in the 63rd Judicial District

Court of Terrell County, Texas.  Estrada asserts causes of action against Barber

for negligence, negligence per se, res ipsa loquitor, and gross negligence.  (Id. ¶¶ 9-

4, 17.)  Estrada asserts causes of action against Industrial Transit for failure to

supervise and train, and gross negligence.  (Orig. Pet. ¶ 16.)  Estrada also seeks to

hold Industrial transit vicariously liable for Barber's alleged negligence and

2

negligence per se.  (Id. ¶ 15.)  Estrada seeks monetary damages between $200,000 and $1,000,000.  (Id. ¶ 19.)

On February 24, 2016, Industrial Transit timely removed the state civil action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  (Dkt. # 1.)  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  On March 2, 2016, Industrial Transit filed a Partial Motion to Dismiss for Failure to State a Claim. (Dkt. # 3.)  Plaintiff filed a Response (Dkt. # 13) and Industrial Transit filed a Reply (Dkt. # 15).  On May 19, 2016, Barber filed his Motion to Dismiss Pursuant to Rule 12(b)(4) and 12(b)(5).  (Dkt. # 16.)  Barber filed a supplement to his motion on June 3, 2016.  (Dkt. # 18.)  Plaintiff has not responded to Barber's Motion to Dismiss.

LEGAL STANDARD

I.   Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  If a plaintiff fails to satisfy Rule 8(a), the opposing party may file a motion to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light

3

most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id.

II.   Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) authorizes a court to dismiss a case for "insufficient service of process." Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634,645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). "In the absence of [proper] service of process . . . a court ordinarily may not exercise [jurisdiction]

over a party the complaint names as a defendant." <u>Murphy Bros., Inc. v. Michetti</u>

<u>Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999). "When service of process is

challenged, the serving party bears the burden of proving its validity or good cause

for failure to effect timely service." <u>Sys Signs Supplies v. U.S. Dep't of Justice,</u>

<u>Wash., D.C.</u>, 903 F.2d 1011, 1013 (5th Cir. 1990). In the Fifth Circuit, "good

cause" requires the serving party "to show excusable neglect, as to which simple

inadvertence or mistake of counsel or ignorance of the rules usually does not

suffice." <u>Id.</u>

<u>DISCUSSION</u>

I.   <u>Industrial Transit's Partial Motion to Dismiss</u>

Industrial Transit moves for dismissal of the following causes of

action on the basis that Plaintiff has failed to state a claim: negligence per se,

negligent hiring and supervision, negligent failure to implement processes and

procedures in place, and violation of the Transportation Code.[2] (Dkt. # 3 ¶¶ 3−15.)

---

[2] To the extent Industrial Transit seeks dismissal of the claims for "negligence for not having processes and procedures in place," and violation of the Transportation Code, the Court finds these issues moot. Plaintiff does not assert these causes of action and Plaintiff admits in his Response that he has not asserted such causes of action. (<u>See</u> Dkt. # 13 ¶¶ 17, 19.) For example, Plaintiff argues that "negligence for not having processes and procedures in place" is an alleged fact used to support the claim for negligent supervision and training.

A. <u>Timeliness of Industrial Transit's Motion</u>

As a threshold issue, Plaintiff challenges the timeliness of Industrial Transit's Partial Motion to Dismiss.  (Dkt. # 13 ¶ 1.)

Under Rule 12(b), a motion asserting failure to state a claim as a defense must be made before pleading.  Fed. R. Civ. P 12(b).  However, "[w]hen a defendant files a Rule 12(b) motion simultaneously with his answer, [the] Court has discretion to view the motion as having preceded the answer, and thus, as having been timely presented."  <u>Texas Taco Cabana, LP v. Taco Cabana of New Mexico</u>, 304 F. Supp. 2d 903, 907 (W.D. Tex. 2003); <u>Carter v. City of Thibodaux Police Dep't ex rel. City of Thibodaux</u>, No. 13−105, 2013 WL 5673570, at *2 (E.D. La. Oct. 15, 2013) (finding that a 12(b) motion filed simultaneously with an answer should be viewed as having preceded the answer).

Here, Industrial Transit filed the instant Partial Motion to Dismiss and Answer simultaneously on March 2, 2016.  (<u>See</u> Dkts. ## 3, 4.)  Accordingly, the Court, in its discretion, views the Partial Motion to Dismiss as having preceded the Answer and finds it is timely filed.  <u>Texas Taco Cabana,</u> 304 F. Supp. 2d at 907.  In the alternative, the Court finds that Industrial Transit actually filed the 12(b) before its responsive pleading.  The Court's docket enumerates documents in the order in which they are filed.  In this case, Partial Motion to Dismiss was docketed as event number 3 (Dkt. # 3) and the Answer was docketed as number 4 (Dkt. # 4).

Accordingly, the Court finds that Industrial Transit timely filed its Partial Motion to Dismiss because it was filed before the responsive pleading.

### B. Negligence Per Se

Plaintiff argues that "by crossing over the median into the wrong side of the road, Defendant Barber [and Industrial Transit by way of respondent superior] was negligent per se in violation of Texas Transportation Code Chapter 545." (Orig. Pet. ¶ 11.) Industrial transit argues that Plaintiff has failed to state a claim for negligence per se because Plaintiff failed to cite the specific statutory provision that Defendant Barber allegedly violated. (Dkt. # 3 ¶¶ 6−8.) In failing to do so, Industrial Transit argues that it cannot be held vicariously liable for Barber's alleged negligence per se.

Negligence per se is a common law doctrine whereby the courts establish the duty of care owed to third parties by reference to a "penal statute rather than on the reasonably prudent person test used in pure negligence claims." Powell v. Keeley, 795 F. Supp. 2d 587, 592 (S.D. Tex. 2011) (quoting Smith v. Merritt, 940 S.W.2d 602, 607 (Tex. 1997)). To state a claim for negligence per se, a plaintiff must show that the defendant violated the statute and that such violation was the proximate cause of her damages. Ward v. ACS State and Local Solutions, Inc., 328 S.W.3d 648, 652 (Tex. App. 2010) (citing Moughon v. Wolf, 576 S.W.2d 603, 604 n. 2 (Tex. 1978)).

The threshold question for any negligence per se claim is "whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of the type that the statute was designed to prevent." Powell, 795 F. Supp. 2d at 592; Perry, 973 S.W.2d 301, 305 (Tex. 1998). Under Texas law, if a plaintiff satisfies these threshold questions, "[t]he court must still determine whether it is appropriate to impose tort liability for violations of the statute." Perry, 973 S.W.2d at 305. This determination is informed by a number of non-exclusive factors: (1) whether the statute is the sole source of any tort duty from the defendant to the plaintiff or merely supplies a standard of conduct for an existing common-law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would impose liability without fault; (4) whether negligence per se would result in ruinous damages disproportionate to the seriousness of the statutory violation, particularly if the liability would fall on a broad and wide range of wrongdoers; and (5) whether the plaintiff's injury is due to a direct or indirect violation of the statute. Id. at 309. Therefore, where a plaintiff relies on a statute contained within the Transportation Code to establish a duty, the court must make a legal determination as to whether that individualized statute imposes an absolute duty, other than the reasonable person standard of care, that would permit a negligence per se claim to survive.

The overwhelming majority of United States District Courts have dismissed without prejudice negligence per se claims where a plaintiff alleges a defendant violated an unspecified statute.  Compare Bd. of Cnty Com'rs of Cnty of La Plata, Colo. v. Brown Grp. Retail, Inc., 598 F. Supp. 2d 1185, 1195 (D. Colo. 2009) (plaintiff failed to state a negligence per se claim because the complaint contained a list of "many thousands of statutes and regulations" that the defendant might have violated); Holler v. Cinemark USA, Inc., 185 F. Supp. 1242, 1243−44 (D. Kan. 2002) (dismissing a negligence per se claim because plaintiff only cited "local, state, and federal statutes, guidelines, and regulations"); Megino v. Linear Financial, No. 2:09−CV−00370, 2011 WL 53086, at *8 (D. Nev. Jan. 6, 2011) (same); In re September 11 Property Damage and Business Loss Litigation, 468 F. Supp. 2d 508, 522−23 (S.D.N.Y. 2006) (failure to identify a specific state statute is insufficient to invoke the negligence per se doctrine); Anchundia v. Northeast Utilities Serv. Co., No. CV 07−4446, 2010 WL 2400154 (E.D.N.Y. June 11, 2010) (failure to identify the specific statute makes it impossible to determine if plaintiff was in class sought to be protected by the statute); with Welch v. Loftus, 776 F. Supp. 2d 222, 225−26 (S.D. Miss. 2011) (despite only generally stating that the "traffic laws of Mississippi" were violated, the court held that plaintiff sufficiently pled negligence per se by alleging sufficient factual conduct to state a plausible

claim); <u>Fiorentino v. Cabot Oil & Gas Corp.</u>, 750 F. Supp. 2d 506, 516 (M.D. Pa. 2010).

   In this case, Plaintiff alleges that "by crossing over the median into the wrong side of the road," Defendant Barber was "negligent per se in violation of Texas Transportation Code Chapter 545, and such negligence per se was a proximate cause of the occurrence in question." (Orig. Pet. ¶ 11.) Chapter 545 of the Texas Transportation Code is titled "Operation and Movement of Vehicles." Tex. Transp. Code Ann. § 545. Chapter 545 has nine subchapters and over 100 separate statutory authorities regarding the operation and movement of vehicles on Texas roads. <u>See</u> <u>Id.</u> §§ 545.051−545.427. For example, Chapter 545 contains statutory provisions governing, <u>inter alia</u>, passing on the right, § 545.057, proper following distance, § 545.061, maximum speed requirements, § 545.351, racing on highways, § 545.420, and reckless driving, § 545.401. Accordingly, Plaintiff has failed to identify a specific statute that Barber violated as a basis of its negligence per se claim because Chapter 545 is not a statute.

   In Texas, where statutes contained within the Transportation Code govern over 100 roadway scenarios and impose both absolute duties and the reasonable person standard, failure to cite a specific statute fails to adequately put Defendant on notice about the legal nature of the negligence per se claim. This is true for three reasons. First, while many of the statutory sections contained within

Chapter 545 impose absolute legal duties that would support a negligence per se claim, others do not because they incorporate the reasonable person standard of care.  Compare id. § 545.153 (when approaching an intersection with a yield sign, a driver must "slow to a speed that is reasonable under the existing conditions") with § 545.406 (making it unlawful to coast with gears in neutral or to move on a downgrade with the clutch disengaged).  Indeed, Texas courts have held that certain statutes contained within Chapter 545 do not support negligence per se for this very reason.  See Waring v. Wommack, 945 S.W.2d 889, 891 (Tex. App. 1997) (holding that violation of § 545.152 for failing to yield to oncoming traffic does not constitute negligence per se because it "comes within the class of statutes in which the common-law standard of the reasonably prudent man must be used"); Powell, 795 F. Supp. 2d at 593 (holding that §§ 545.103 and 545.152 do not impose absolute duties and thus cannot be used to support a negligence per se theory).  Thus, generally referencing Chapter 545 fails to put a defendant on notice as to whether the particular statute supports a claim for negligence per se.

Second, if a plaintiff brings a claim based on a specific statute, it logically follows that a plaintiff must plead the statute on which the claim is based. See Holler, 185 F. Supp. 2d at 1244.  Otherwise, the Court cannot make an independent determination whether the statute is meant to protect the plaintiff and prevent his alleged injury, which is required in a negligence per se legal analysis.

11

Powell, 795 F. Supp. 2d at 592  (the threshold question is "whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of the type that the statute was designed to prevent").  In any case, Plaintiff has failed to state any facts that he falls within the class of persons the statute is meant to protect and that his injury is of the kind the statute was meant to prevent.  Indeed, Plaintiff cannot allege such facts because he fails to identify the relevant statutory provision.  Anchundia, 2010 WL 2400154 at *5 ("Where plaintiff fails to identify the statute upon which the claim is based, it is impossible to determine if the plaintiff was in a class sought to be protected by the statute or whether the injury suffered [. . .] was the type of injury the statute was designed to prevent.").

Finally, by failing to specifically identify the relevant statute, the Court is unable to determine, as a matter of law, whether it would be appropriate to impose tort liability for violations of the statute based on the five non-exclusive factors identified by the Texas Supreme Court.  Perry, 973 S.W.2d at 309. Accordingly, the Court finds that Plaintiff has failed to state a negligence per se claim for which relief can be granted, because he has not cited to any specific Texas statute Barber allegedly violated.  Twombly, 550 U.S. at 555 (holding that a well-pleaded complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

12

C. <u>Negligent Supervision and Training</u>

To state a claim for negligent supervision and training, a plaintiff must show that: (1) defendant owed him a legal duty to supervise and train its employees; (2) defendant breached that duty; and (3) that breach proximately caused his injuries.  <u>See</u> <u>Knight v. City Streets, LLC</u>, 167 S.W.3d 580, 584 (Tex. App. 2005).  The employer-employee relationship creates a duty on the part of the employer to control the employee's conduct by adequately training and supervising the employee.  <u>Mackey v. U.P. Enterprises, Inc.</u>, 935 S.W.2d 446, 459 (Tex. App. 1996) (citing <u>Otis Engineering Corp. v. Clark</u>, 668 S.W.2d 307, 209 (Tex. 1983)).  The components of proximate cause are cause-in-fact and foreseeability.  <u>Doe v. Boys Club of Greater Dallas, Inc.</u>, 907 S.W.2d 472, 477 (Tex. 1995).  To establish that a defendant's actions were the proximate cause of his injuries, a plaintiff must show that: (1) the defendant's supervision and training was the cause-in-fact of his injuries; and (2) the employee's actions and plaintiff's injuries were a foreseeable consequence of the defendant's supervision.  <u>See</u> <u>Knight</u>, 167 S.W.3d at 584.

In this case, Plaintiff has alleged that Defendant Barber was an employee of Industrial Transit.  (Orig. Pet. ¶ 8.)  Thus, Plaintiff has adequately pled a fact to demonstrate Industrial Transit's duty to supervise and train Barber. <u>Mackey</u>, 935 S.W.2d at 459 ("[E]mployer-employee relationship creates a duty [to] adequately train[] and supervis[e] the employee.").  Second, Plaintiff alleges

13

that Industrial Transit breached its duty to supervise and train by "failing to have processes and procedures which would prevent its employees, such as Robert Barber, from driving while fatigued."  (Orig. Pet. ¶ 16.)  This factual allegation sufficiently pleads the existence of a breach, because implementing of "processes and procedures" is one method of supervision.  Finally, Plaintiff has adequately pled proximate cause.  While it is conclusory to merely state that Industrial Transit's conduct "was also a proximate cause," (id.) the Court finds the combined factual allegations that (1) Industrial Transit lacked processes and procedures to train and supervise fatigued drivers, (2) Barber was allegedly driving fatigued at the moment of collision, and (3) Barber was driving in the course of employment, make it plausible that Industrial Transit's alleged failure to implement "processes and procedures" to monitor its drivers' fatigue levels was the proximate cause of Plaintiff's injury.  Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible.") (citing Iqbal, 556 U.S. at 662).

　　　　　Accordingly, the Court finds that Plaintiff has stated a claim for negligent supervision and training for which relief can be granted.

II.     <u>Defendant Barber's Motion to Dismiss Pursuant to Rule 12(b)(4) and (5)</u>

Defendant Barber argues that Plaintiff has failed to perfect service of process and thus, the case against him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5).

A. <u>Service Prior to Removal</u>

Under Texas law, a plaintiff may serve process by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106(a)(2). "A return of a citation served by registered or certified mail must contain the return receipt with the addressee's signature." <u>Id.</u> 107(c). "If the return receipt is not signed by the addressee, the service of process is defective." <u>Southwestern Sec. Servs., Inc. v. Gamboa</u>, 172 S.W.3d 90, 92 (Tex. App. 2005). In Texas, a spouse's signature is not sufficient comply with Rule 107. <u>Williams v. Asset Acceptance LLC</u>, No. 03-11-00520-CV, 2012 WL 2989219, at *5 n. 5 (Tex. App. Jul. 20, 2012) ("When a Texas statute requires personal service on a party, service on the spouse will not suffice.") (quoting <u>Colson v. Thunderburd Bldg. Materials</u>, 589 S.W.2d 836, 841 (Tex. App. 1979)).

Before this case was removed to this Court, the Clerk for the 63rd District Court of Terrell County sent by certified mail a true copy of the citation and copy of the original petition addressed to Robert Barber on February 1, 2016.

(Dkt. # 18-2.)  However, the certified mail receipt was signed by "Ruth Barber," a person other than the addressee on the certified mail receipt.  (Dkt. # 16-1.) Because the return receipt was not signed by Defendant, the service of process prior to removal was defective.

       B.  <u>Service After Removal</u>

       Once a case is removed, it becomes subject to the Federal Rules of Civil Procedure.  28 U.S.C. § 1446; Fed. R. Civ. P. 81(c); <u>Micromedia v. Automated Broadcast Controls</u>, 799 F.2d 230, 233 (5th Cir. 1986).  In a removed case where one of the defendants has not been served with process, "such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."  28 U.S.C. § 1448.  Thus, after removal "the state court loses jurisdiction and all further process must issue from the [f]ederal court."  <u>Allman v. Hanley</u>, 302 F.2d 559, 562 (5th Cir. 1962).  To complete service of process in federal court, a plaintiff must follow two immutable steps.  First, a plaintiff must present a summons to the clerk for signature and seal; the clerk "must sign, seal, and issue it to the plaintiff for service on the defendant."  Fed. R. Civ. P. 4(b).  Upon issuance of the federal summons, a plaintiff must then serve the summons and original complaint in accordance with Federal Rule of Civil Procedure 4(e).  Failure to comply with Rule 4 results in insufficient service of

process which prevents the federal court from exercising jurisdiction over the individual defendant.

As noted above, Defendant Barber had not been properly served with process prior to removal.  Therefore, to effectuate service of process on Barber, Plaintiff must comply with Federal Rule of Civil Procedure 4.  On May 4, 2016, Plaintiff filed a "Certificate of Service" showing that Barber was personally served with, inter alia, the state court citation, the notice of removal, and the original petition.  (Dkt. # 9.)  However, the May 4, 2016 personal service did not include a federal summons issued by the clerk for the Western District of Texas and there is no entry on the Court's docket that the clerk issued summons for Barber. Accordingly, this attempted service of process was defective because Plaintiff failed to comply with Rule 4(b).  Bruley v. Lincoln Prop. Co., N.C., Inc., 140 F.R.D. 452, 454 (D. Colo. 1991) (holding that service of state court summons after removal to federal was insufficient service of process); Alexander Technologies, Inc. v. Int'l Frontier Forwarders, Inc., No. Civ.A. H-05-2598, 2006 WL 3694517, at *1 (S.D. Tex. Dec. 14, 2006) (holding that service of state court citation served after removal was insufficient to perfect service of process).

On May 31, 2016, Plaintiff filed a second "Certificate of Service" purporting to show that a process server completed personal service of process on Barber.  (Dkt. # 17.)  However, the Court's docket has no entry that the Clerk

issued summons for Barber.  Thus, the May 31, 2016 attempted service of process was defective because it lacked a federal summons signed, sealed, and issued by the Clerk.  See Fed. R. Civ. P. 4(b).

Plaintiff has not filed a response to Barber's Motion to Dismiss. "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys Signs Supplies, 903 F.2d at 1013.  Therefore, Plaintiff has failed to meet his burden of proving the validity of attempted service or any good cause for his failure to timely complete such service.  Accordingly, the Court will grant Barber's Motion to Dismiss pursuant to Rule 12(b)(4)-(5).

CONCLUSION

For the reasons mentioned, the Court **GRANTS IN PART AND DENIES IN PART** Industrial Transit's Partial Motion to Dismiss (Dkt. # 3) and **GRANTS** Barber's Motion to Dismiss (Dkt. # 16).  The Court **ORDERS**: (1) the case **DISMISSED WITHOUT PREJUDICE** against Defendant Robert Barber; and (2) Plaintiff's claim for negligence per se **DISMISSED WITHOUT PREJUDICE**.  The remaining claims against Industrial Transit are negligent supervision and training, and gross negligence.

**IT IS SO ORDERED.**

**DATE:** Pecos, Texas, June 14, 2016

18

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE